JOHNSON, MULLAN & BRUNDAGE, P.C., Respondent, v RONALD FOLKMAN, Appellant. [740 NYS2d 910] —Appeal from that part of an order of Supreme Court, Monroe County (Ark, J.), entered December 7, 2000, that granted plaintiff's motion to disqualify defendant's attorney from representing defendant on defendant's counterclaim for legal malpractice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted plaintiff's motion to disqualify Kathryn E. Rubi, Esq. from representing defendant on defendant's counterclaim for legal malpractice. The counterclaim alleges that defendant was improperly advised and pressured by his former attorney, a principal in plaintiff law firm, into agreeing to a stipulation of settlement that was placed upon the record in the underlying matrimonial action. Rubi, the sister of defendant's present wife, attended

several conferences between defendant and his former attorney before he agreed to the stipulation, and she had at least one telephone conversation with defendant's former attorney before the stipulation was placed on the record. We therefore agree with plaintiff that Rubi "ought to be called as a witness on [defendant's] behalf" (*Clifford v Montana Mills Bread Co.* [appeal No. 1], 275 AD2d 909, 909; *see Chang v Chang,* 190 AD2d 311, 318-319). Present—Pigott, Jr., P.J., Hayes, Gorski and Lawton, JJ.